IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

COREY THOMAS :
:
v. : Civil Action No. DKC 17-2858
:
STATE OF MARYLAND :
:

**MEMORANDUM OPINION**

Plaintiff Corey Thomas filed suit in the Circuit Court for Prince George's County, alleging that he was discriminated against by his employer, the Sheriff's Office. Initially the complaint included claims under both federal and state law. The Defendant removed the action and Plaintiff amended the complaint to delete the only federal claim. Now he seeks remand to state court, which Defendant opposes. For the following reasons, the court exercises its discretion to remand.

This court's subject matter jurisdiction is determined – and vests – at the time of removal. Subsequent events do not deprive the court of jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938). When, however, all federal claims are dismissed, the court has discretion to decline to continue to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c). Plaintiff seeks this course, while Defendant opposes.

The United States Court of Appeals for the Fourth Circuit has set forth a number of factors to consider in exercising discretion:

> The statute then goes on to provide that courts "may decline" to exercise supplemental jurisdiction in certain circumstances. 28 U.S.C. § 1367(c). In particular, a court has discretion to dismiss or keep a case when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Recent case law has emphasized that trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished. *See, e.g., Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993). Among the factors that inform this discretionary determination are convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *Growth Horizons, Inc. v. Delaware Cty.*, 983 F.2d 1277, 1284 (3$^{d}$ Cir. 1993). The doctrine of supplemental jurisdiction "thus is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." *Cohill*, 484 U.S. at 350.

*Shanaghan v. Cahill*, 58 F.3d 106 (4th Cir. 1995). An analysis of those factors weighs in favor or remand. There is no reason to conclude that the state court is any less capable of resolving this dispute than this one, or would it be any more inconvenient for the parties to litigate there. Even if state law takes the

lead of federal law in interpreting and applying its statute, it is still a state law cause of action.

Plaintiff, who incorrectly asserts that this court may not continue to exercise supplemental jurisdiction, does not present information as to these factors. Defendant contends that the factors favor retaining jurisdiction, reciting that the state law cause of action parallels Title VII and that judicial economy would be served by keeping the case here.

The case cited by Defendant in arguing for the continued exercise of supplemental jurisdiction, *Hall v. Greystar Management Services, L.P.*, 179 F.Supp.3d 534 (D.Md. 2016), is readily distinguishable. That case had not even been removed from state court, but began in federal court. It had been pending for two and a half years in this court. The trial judge had been called on to rule on several merits based issues. Under those circumstances, the motion to "remand" was denied.

Here, in stark contrast, the case is truly at the threshold. Amendment took place promptly after removal. While the state law involved may parallel federal law in some respects, there is no pressing reason for this court to retain jurisdiction.

Nor is there any bad faith to be discerned from Plaintiff's original pleading of a federal claim and deletion by amendment

after removal.  In a case assessing whether to allow an amendment, this court noted:

> There is little risk of undue prejudice or delay here. Defendant has not answered Plaintiff's complaint, much less commenced discovery, expended substantial time defending this claim, or moved for summary judgment. *See Shilling v. Nw. Mut. Life Ins*. Co., 423 F.Supp.2d 513, 518–19 (D.Md.2006) (granting leave to amend). Plaintiff's response was filed within a month of removal and therefore has not caused undue delay. *See id*. There is no evidence of bad faith or that Plaintiff intended to force Defendant to incur the expense of the removal process. *Id.* Defendant suggests that Plaintiff is dismissing this claim in an attempt to destroy federal subject matter jurisdiction so her case may be remanded, but even if Defendant is correct, such "jurisdictional maneuvering" is not evidence of bad faith. *Id.* "[I]t is not bad faith for a plaintiff to bring both State and federal claims in State court and then, upon removal, seek dismissal of the federal claims and remand to State court." *Ramotnik v. Fisher*, 568 F.Supp.2d 598, 603 (D.Md. 2008).

*Verbal v. Giant of Md., LLC*, 204 F.Supp. 3d 837, 841 (D.Md. 2016) (alteration in original).

Accordingly, by separate order, the motion to remand will be granted.

/s/
DEBORAH K. CHASANOW
United States District Judge
